IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:15-cr-00012 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| ANGEL M. CENTENO-MORALES ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant Angel Centeno-Morales, proceeding *pro se*, filed a motion for compassionate release due to COVID-19 and various health issues. (Dkt. No. 83.) Pursuant to Standing Order 2019-1, the court appointed the Federal Public Defender to represent Centeno-Morales, but it declined to file any supplement and asked the court to allow Centeno-Morales to proceed *pro se*. (Dkt. No. 86.) The government opposes motion. (Dkt. No. 88.) Thereafter, in a filing by counsel, Centeno-Morales seeks compassionate release based on the death of his spouse, leaving his son without a caretaker. (Dkt. Nos. 92, 95.) The government continues its opposition. (Dkt. No. 94).

The court finds that a hearing is not necessary to resolve defendant's motions, which will be denied for the reasons stated below.

I. BACKGROUND

On March 26, 2015, Centeno-Morales was charged by a grand jury in a five-count indictment. The indictment charged defendant with one count of conspiring to distribute 50 grams or more of methamphetamine; two counts of possession of a firearm in furtherance of a drug trafficking offense; one count of possession with intent to distribute of methamphetamine; and one count of felon in possession of a firearm. A superseding indictment added two

additional counts: possession of a firearm in furtherance of a drug trafficking offense and distribution of methamphetamine.

Centeno-Morales was identified as a source of methamphetamine by several members of the conspiracy. (Presentence Report (PSR), Dkt. No. 77.) He was armed while distributing methamphetamine to members of the conspiracy and brandished a firearm in September 2014 while accusing customers of snitching to law enforcement. On September 30, 2014, Centeno-Morales was the front passenger during a traffic stop and was in possession of a firearm.

On March 14, 2016, Centeno-Morales pleaded guilty to distribution of more than 500 grams of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. The Rule 11(c)(1)(C) plea agreement included an agreed-upon 180-month sentence, and Centeno-Morales was sentenced accordingly on August 1, 2016, by the undersigned judge. He is currently incarcerated at FCI Hazelton with a projected release date of August 21, 2027.[1]

In his first motion, Centeno-Morales requests release due to the presence of COVID-19 at FCI Hazelton, combined with several health issues, including PTSD, bipolar disorder, major depressive disorder, anxiety disorder, sleep apnea, conjunctivitis, myopia, chronic rhinitis, chronic sinusitis, chronic periodontist, GERD, xanthelasma, and enlarged prostate chronic pain. (Dkt. No. 88-1.) He has been fully vaccinated against COVID-19. (Dkt. No. 88-2.)

In his second motion, Centeno-Morales represents that his wife, Jennifer Ray Centeno, passed away on October 12, 2021. Jennifer lived with and cared for their fifteen-year-old son, who is now living with a family friend. Less than a month earlier, defendant's mother also passed away. The motion does not state whether other family members are available to care for defendant's son.

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited May 1, 2022).

## II. ANALYSIS

**A. Compassionate Release Under the First Step Act**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

Thus, after considering any applicable § 3553(a) factors, if the court finds extraordinary and compelling reasons warrant a reduction and if it finds a reduction consistent with any applicable Sentencing Commission policy statements, it may reduce a term of imprisonment. However, "the Commission has yet to issue a policy statement that applies to motions filed by defendants [rather than motions filed by BOP] under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). *See also United States v. Hargrove*, 30 F.4th 189 (4th Cir. 2022). The court, may, nonetheless, look to U.S.S.G. § 1B1.13 for guidance. *McCoy*, 981 F.3d at 282 n.7.

Because section 1B1.13 provides guidance and the Fourth Circuit has noted that it provides examples and, at least in the medical context, defines "the same substantive term that

3

applies to BOP-filed motions," *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021), the court notes the guidance from that section. Section 1B1.13, regarding medical conditions, notes terminal illness and conditions from which a defendant is not expected to recover that substantially diminish defendant's ability to care for himself in a correctional facility (including serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process). Of course, this guidance is not controlling.

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson,* No. 515CR00018KDBDSC1, 2020 WL 5300874, at *2 (W.D.N.C. Sept. 4, 2020). *See also Hargrove,* 30 F. 4th at 195 (noting the information provided by the inmate "to carry his burden of demonstrating that his medical conditions served as an extraordinary and compelling reason for release."); *United States v. Brewington*, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019). *See also United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123 (E.D. Va. Aug. 18, 2020) (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005) (defendant bears burden as party seeking relief absent statutory guidance to the contrary)). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t).

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. More than thirty days have passed since Centeno-Morales made a request for a sentence

4

reduction at his BOP facility due to COVID-19, and the government does not contest exhaustion. Centeno-Morales also requested release due to the death of his wife, and the warden also denied this request. (Dkt. No. 92-5.) Therefore, the court finds that Centeno-Morales has exhausted his administrative remedies. *See, e.g.*, *United States v. Allen*, Criminal No. RDB-14-0411, 2020 WL 3868999, at *2 (D. Md. July 9, 2020) (finding exhaustion requirement satisfied where thirty days have expired since submission of administrative request).

C. **Extraordinary and Compelling Reasons**

Because an inmate is not eligible for compassionate release in the absence of extraordinary and compelling reasons, *High*, 997 F.3d at 186, the court looks to whether Centeno-Morales has provided such reasons. The fact that COVID-19 exists and that there is a possibility that someone may contract it in a prison is insufficient, in and of itself, to grant a motion for compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, in the context of COVID-19,

> the threshold questions are whether [the inmate] has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

*United States v. Youngblood*, 858 F. App'x 96, 98 (4th Cir. 2021). *See also United States v. Harper*, Criminal Action No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020).

Centeno-Morales does not have any medical conditions that put him at special risk if he were to contract COVID-19. He has not shown either a particularized susceptibility to the disease or a particularized risk of contracting the disease at his prison facility. Also, he is fully vaccinated. Therefore, with regard to Covid-19, Centeno-Morales cannot meet the extraordinary

5

and compelling circumstances standard for compassionate release. *See United States v. Mitchell*, No. 5:97cr30078, Dkt. No. 51 at 4–5 (W.D. Va. Apr. 21, 2021) (defendant "has received both doses of the Pfizer vaccine [which] dramatically decreases the risk of severe complications or death from COVID-19. . . . [This] removes his medical conditions from the category of risk constituting an 'extraordinary and compelling' circumstance to consider compassionate release"); *United States v. Jones*, Criminal Action No. 3:19cr105, 2021 WL 217157, at *5 (E.D. Va. Jan. 21, 2021) (denying motion by inmate with only one lung because he received first dose of vaccine and therefore faced reduced risk from the virus); *United States v. Smith*, Case No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("According to the CDC, the Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials . . . . Accordingly, absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A).").

However, regarding the death of defendant's spouse, the Guideline Commentary states that extraordinary and compelling circumstances exist where "the caregiver of the defendant's minor child dies or becomes incapacitated." U.S.S.G. 1B1.13, cmt. n.1. The government concedes that the death of defendant's spouse presents an extraordinary and compelling circumstance which could justify compassionate release. The government maintains, however, that compassionate release should be denied based on the § 3553(a) factors.

D. **Section 3553(a) Factors**

The court now considers whether a sentence reduction is warranted given the relevant sentencing factors stated in 18 U.S.C. § 3553(a), which include the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just

6

punishment for the offense. to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to avoid unwarranted sentence disparities. The court considers these factors holistically, and no one factor is dispositive, *United States v. Kibble*, No. 20-7009, 2021 WL 1216543, at *4 (4th Cir. April 1, 2021), but the court should not release an inmate who poses a danger to another person or the community, U.S.S.G. § 1B1.13.

Centeno-Morales distributed a large quantity of methamphetamine, a dangerous narcotic; used firearms to intimidate and discourage cooperation with law enforcement; has previous narcotics and firearm convictions; and committed the instant offense while on probation. He exercised control and authority over at least one other person when committing his crimes, and, at one point, held a gun to an individual's head inquiring whether she was the police. He also produced a firearm when he forced her to count drug proceeds. The court also notes that Centeno-Morales has had two disciplinary proceedings while incarcerated: one in 2016 for misuse of authorized medication and one for possession of drugs/alcohol in September 2021.

While the court has sympathy for Centeno-Morales' losses, his continued detention is necessary to reflect the seriousness of Centeno-Morales's offenses, protect the public from further crimes, provide for just punishment, promote respect for the law, and provide deterrence.

### III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that Centeno-Morales's motions for compassionate release (Dkt. Nos. 83, 92) are DENIED. The clerk is directed to send a copy of this memorandum opinion and order to Centeno-Morales, all counsel of record, and the United States Probation Office.

Entered: May 16, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge